UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOSEPH HINES                                    CIVIL ACTION NO. 07-cv-1571

VERSUS                                          JUDGE HICKS

VENETIA T. MICHAEL, ET AL                       MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction; Returned Mail**

Joseph Hines ("Plaintiff") was an inmate housed at the David Wade Correctional Center at the time he filed this civil action. Plaintiff alleged in his complaint that he was housed in proximity to an inmate with a medical condition that required a colostomy bag. Plaintiff alleged that prison officials did not provide adequate sanitation to address the smell and health concerns that Plaintiff expressed. Prison officials, in response to an administrative grievance filed by Plaintiff, denied the claims and asserted that inmates are daily issued mops, soap, germicide and window cleaner, and that when human waste is spilled or exposed in any area, a bleach/water solution is mandatory and immediately used to decontaminate the area. Plaintiff was not satisfied with that response, and he filed this civil action.

Defendants were served with the complaint, and they responded with a motion for extension of time to file a response. The court issued an order granting that extension, and a copy of the order was mailed to Plaintiff. The postal service returned the item in January 2008; the envelope bore a notation that Plaintiff was "not at DWCC." Doc. 16. The court

issued another order in February 2008 and mailed a copy to Plaintiff at his last known address (the prison). The envelope was returned with a notation "released." Doc. 19.

Defendants then filed a Motion to Dismiss (Doc. 20) that asserted a Rule 12(b)(6) attack and raised a qualified immunity defense. Defendants represented that Plaintiff was released from custody after he filed this suit. The Clerk of Court issued a notice that set a briefing schedule with respect to the motion. That notice was also returned. Doc. 22. These events, for the reasons that follow, warrant dismissal of this case for failure to prosecute.

**Analysis**

Early in the case, after the court screened the complaint, a Memorandum Order (Doc. 6) was issued with regard to service, scheduling and other matters. Plaintiff did receive that order, as evidenced by his submission of service papers in response to the order and the absence of a returned copy. That order stated:

> All parties shall have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address. Failure to do so shall be considered grounds for dismissal or other appropriate sanctions.

The order is consistent with the command of Local Rule 11.1 that: "Each attorney and pro se litigant has a continuing obligation to apprise the court of any address change." See also Local Rule 41.3 (authorizing dismissal when notices are returned for reason of an incorrect address and no correction is made within 30 days).

It has been more than three months since the first mailed item was returned, and it has been more than 30 days since the last item was returned. There has been no communication

from Plaintiff during that time. The court has no idea of Plaintiff's current address, as he has failed to keep the court apprised of it as required by the court's order and local rule. Perhaps Plaintiff has lost interest in the case or has merely been negligent in looking after his affairs. In any event, the court need not expend resources on a case in which it has no means of contacting the plaintiff or obtaining the plaintiff's participation in the litigation. Dismissal without prejudice for failure to prosecute is warranted. Honore v. Christian, 2005 WL 1330152, *3 (W.D. La. 2005).

Accordingly;

**IT IS RECOMMENDED** that the Complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of May, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE